UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
AT CLEVELAND

| | | |
|---|---|---|
| In re: | ) | CASE NO. 06-10605 |
| PROCARE AUTOMOTIVE SERVICE SOLUTIONS, LLC | ) | CHAPTER 11 |
| | ) | JUDGE PAT E. MORGENSTERN-CLARREN |
| Debtor | ) | |
| | ) | |

**RESPONSE OF JAMES F. POST, MICHAEL TODOR, JOHN RAYMOND, CARLISLE E. McKEE, TOMMY BURNS AND CHRISTOPHER D. ANDERSON TO DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY**

**RESPONSE OF JAMES F. POST, MICHAEL TODOR, JOHN RAYMOND, CARLISLE E. McKEE, TOMMY BURNS AND CHRISTOPHER D. ANDERSON TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO MOTION FOR RELIEF FROM STAY**

Now come James F. Post, Michael Todor, John Raymond, Carlisle McKee, Tommy Burns and Christopher D. Anderson (the "Movants"), by and through their undersigned counsel, and hereby respond to the Debtor's Objection to Movants' Motion for Relief from Stay and to the Official Committee of Unsecured Creditors' Objection to Movants' Motion for Relief from Stay imposed by Section 362(a) of the Bankruptcy Code and state as follows:

### Introduction

In their Motion for Relief from Stay, Movants requested relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code so as to pursue their claims in litigation in the

Cuyahoga County Court of Common Pleas, Case No. CV-05-56634 ("Lawsuit") which is currently stayed. Movants have set forth claims for employment discrimination against the Debtor and Eric Martinez, the Debtor's CEO and CFO. Movants requested that the stay be lifted to permit quantification of the Debtor's monetary obligation to each and every one of them, if any, so that Movants can file accurate Proofs of Claim in this estate to the extent that insurance coverage is insufficient to liquidate such claims and to pursue collection from the insurance company set forth hereunder.

The Debtor has objected thereto, arguing initially that the private company liability insurance policy issued by the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, policy no. 494-15-02 (the "Policy") and the proceeds thereof constitute property of the estate and depletion of same would be detrimental to the Debtor's estate and other potential creditors thereof. The Debtor further argues that the Movant's Lawsuit would disrupt the bankruptcy process.

The Official Committee of Unsecured Creditors (the "Committee") has objected to the Movants' Motion, arguing similarly that it is unknown whether the Debtor's insurance coverage will be exhausted by claims of potential claimants, allowing Movants to be paid in full while precluding later claimants from recovery. Objection of Committee, ¶9(A). The Committee further argues that Movants have failed to agree to reimburse Debtor for defense costs not payable by the Debtor's

insurer and thus may negatively affect the estate. Objection of Committee, ¶9(B). The Committee further presents the argument that further prosecution of the Movants' causes of action will disrupt the administration of the estate. Objection of the Committee, ¶9(D). Because both the Debtor and the Committee promote like arguments, Movants will consolidate their Response in the interests of judicial economy.

### LAW AND ARGUMENT

**A. Limited Relief From the Automatic Stay is Appropriate where the Debtor May Have a Right to Proceeds under the Policy**

The Debtor initially argues that the Policy at issue provides entity coverage and is subject to potential D & O claims and potential additional direct claims against the bankruptcy estate for wrongful acts and thus, the proceeds should not be prematurely depleted. The Committee promotes essentially the same argument. Movants do not dispute this contention, as it is axiomatic that there should be no prejudicial dissipation of a Debtor's available assets. However, the lifting of the stay to allow Movants to establish the amount of their claims will not affect the estate. *See, In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bkrtcy.N.D.Ohio 1984).

The Debtor contends that the proceeds of the Policy are property of the estate and, where the debtor may have a direct right thereto, the automatic stay should remain in place. Debtor's Objection at ¶¶16-17. Debtor relies upon *In re Circle K Corp.,* 121 B.R. 257 (Bankr. D.Ariz 1990), *In re Johns-Mansville*

*Corp.,* 837 F.2d 89, *In the Matter of Vitek, Inc.,* 51 F.3d 530 (5th Cir. 1995) (calling into doubt *In re Circle K Corp.,* 121 B.R. 257) and *Grillo v. Zurich Ins. Co.,* 170 B.R. 66, the facts in which are distinguishable.

While Movants disagree that case authority holds that the Proceeds belong to the estate[1], Movants do not dispute that the proceeds may inure to the benefit of additional, as yet unknown, claimants and thus will not further address this issue unless and until this Court may deem it pertinent.

The Debtor's insolvency does not release its insurers from their obligations to pay for injuries sustained during the term of, and within the coverage of insurance policies issued to the Debtor. At the present time, Movants' claims are not fixed, either as to liability or amount. The Committee argues that no determination of coverage has been made. Objection of Committee, ¶9(C). Significantly, no denial of coverage has been issued by the insurer in this litigation which was ongoing at the time of bankruptcy filing. "The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets." *In re Bock,* 37 B.R. at 567, citing *Matter of Holtkamp,* 669 F.2d 505 (7th Cir. 1982). In the case at bar, Movants do not desire to dissipate an asset which may be subject to prorata distribution; Movants simply desire to

---

[1] *See, e.g., In re Youngstown Osteopathic Hosp. Ass'n,* 271 B.R. 505 (Banr.N.D.Ohio Jan 04, 2002)(Holding that proceeds of the policy at issue were not property of the estate). *See also, In re Marchfirst, Inc.,* 288 B.R. 526 (Bankr.N.D.Ill Dec.16, 2002)(declining to follow *In re Circle K Corp.,* 121 B.R. 257).

-4-

liquidate and establish the parameters of their claims.

As Debtor correctly asserts, a fundamental policy underlying bankruptcy law and the automatic stay is to preserve the debtor's estate and to allow a "fair, ratable and systematic liquidation of the estate's assets among all claimants." Debtor's Objection, ¶19. (Citing *Tringali v. Hathaway Machinery Co.,* 796 F.2d 554, 560 (1st Cir. 1986). Without quantification of the Movants' claims, the Court cannot "ensure that all potential beneficiaries or claimants to proceeds under the Policy are treated equally." *Id.*

The Debtor's argument that the stay should not be lifted because it is a beneficiary under the policy and may potentially have rights to the Proceeds must fail. Debtor's Objection, ¶19. Courts have consistently rejected this and similar arguments, and have declined to subrogate the rights of shareholders to the rights of the debtor. *See, In re Reliance Acceptance Group, Inc.,* 235 B.R. 548 (Bankr. D.Del 1999)(citing *In re Phar-Mor Securities Litigation,* 164 B.R. 903 (W.D.Pa.1994)('[T]he Debtor has no greater rights to assert its claims against Coopers than the Equity Plaintiffs precisely because the Equity Plaintiffs are not attempting to assert claims belonging to the Debtor.'). *See also, In re Cybermedica, Inc.,* 280 B.R. 12 (Bankr. D.Mass. 2002) (the harm to the Debtor if relief from stay was granted was speculative given the fact that there were presently no claims for indemnification nor entity coverage and therefore, there appeared no immediate risk of the D & O Policy's two million

-5-

dollars being depleted in paying the contractual defense costs.)

Here, Movants are not asserting claims which may belong to a Trustee appointed under 11 U.S.C. §1104 or the Estate, as in the inapposite cases cited by Debtor.  Movants are asserting personal causes of action not in conflict with the administration of the bankruptcy estate.

Thus, Movants assert that cause exists to lift the stay to the extent necessary to permit the Movants to prosecute their claims against the Debtor to the extent of the Debtor's available insurance and/or additional insurance.  The Movants further assert that the stay must be lifted to permit quantification of the Debtor's monetary obligation to each and every one of them, if any, so that Movants can file accurate Proofs of Claim in this estate to the extent that insurance coverage is insufficient to liquidate such claims.  Such claims would be subject to the provisions of the United States Bankruptcy Code.

**B.	The Opportunity to Litigate the Issue of Liability is a Significant Right Which Cannot Easily be Set Aside, Despite the Existence of a Bankruptcy Proceeding.**

Debtor and the Committee next argue that continuation of the Lawsuit would disrupt the Debtor's immediate task of effectively administering the estate and proffering a plan of liquidation because the Debtor would be subject to time consuming litigation including unduly burdensome and costly discovery.  Debtor's Objection, ¶20; Objection of Committee, ¶9D.

Courts have predominantly rejected this argument.  As the Committee correctly cites, the balancing test is:

> "whether or not: a) any "great prejudice" to either the bankruptcy estate or the debtor will result from continuation of the civil suit, b) the hardship to the plaintiff by maintenance of the stay considerably outweighs the hardship to the debtor, and c) the creditor-plaintiff has a probability of prevailing on the merits of his case."

*See, Objection of Committee* ¶8 (citing *In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr.N.D. Ohio 1984).

In *In re Bock*, the debtor promoted like arguments; the Court carefully considered the consequences to the estate from a relief from stay, looking to a number of prior Court decisions. The Court considered that, of "predominant importance in these decisions have been the hardships to the plaintiff of protracted litigation and the expense of time and money to the Debtor-In-Possession in defending these actions." *Id.* at 566. The Court noted that considerable weight is afforded the fact that if a plaintiff is forced to wait, the plaintiff may be effectively denied an opportunity to litigate due to the aging of evidence, loss of witnesses and crowded court dockets. *Id.*

The *Bock* Court continued its analysis, noting that Courts "have not, however, ascribed much significance to the fact that the debtor will be required to participate in their defense, especially when the debtor's insurer is obligated to provide counsel." *Id.* at 567. *See also, In re Benbo of Georgia, Inc.,* 1992 WL 12004316 (Bankr.S.D.Ga.) ("Although debtor will incur litigation expenses . . . the cost to the debtor of defending an action does not constitute 'great prejudice'". (citing *In re Winterland,* 101 B.R. 547, 549 (Bankr.C.D.Ill.1988)). The *Bock*

-7-

Court further noted that this position has been sustained even when the debtor was uninsured and required to assume its own costs of defense. *Id.* (citing *In re Terry,* 12 B.R. 578 (Bankr.E.D.Wis.1981) and *In re McGraw,* 18 B.R. 140 (Bankr.W.D.Wis.1982))*see also, In re Dorner,* 125 B.R. 198 (Bankr.N.D.Ohio 1991)(Determining that the costs of defending lawsuits and depositions, though at potentially significant cost to the Debtor, do not outweigh the movant's right to determination of liability). The *Bock* Court concluded that, as in the case at bar, the facts of those cases were sufficiently similar to those in the majority to warrant a limited relief from stay, noting that requiring the Movants to forego prosecution of their claim until such time as the stay would no longer be in effect would effectively deny them an opportunity to be heard and that the filing of a bankruptcy petition "cannot . . . erase a plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff in some amount." *Id.* at 567.

As to the final prong of the balancing test, Courts have found that where the "Movants have set forth a cause of action which offers a chance of some recovery", this prong is satisfied. *See, e.g., In re Bock,* 37 B.R. at 567.

The *Bock* Court found in favor of the plaintiffs, weighing the interests of the bankruptcy estate against the hardships that would be incurred by the Movants, even though the plaintiffs in *Bock* were the third of forty-three different personal injury

-8-

actions to request relief from the stay so as to continue their state court actions.

## Conclusion

Liability must be established against the Debtor before Movants may obtain any recovery. In the case at bar, a limited relief from stay will not effect any "great prejudice" to either the bankruptcy estate or the debtor from continuation of the civil suit, b) the hardship to the Movants by maintenance of the stay considerably outweighs the hardship to the debtor, and c) the Movants have set forth a cause of action which offers a chance of prevailing on the merits of their case.

WHEREFORE, Movants respectfully request that the Court overrule Debtor's Objection and enter an Order (i) modifying the automatic stay so as to permit Movants to continue to pursue their liability and damage claims in the Lawsuit against the Debtor ProCare Automotive Service Solutions, LLC in Case No. CV-05-56634 in the Cuyahoga County Court of Common Pleas and as Appellee in the Appeal in Case No. CA-06-087646 in the Cuyahoga County Court of Appeals granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Harold A. Corzin
HAROLD A. CORZIN (0005021)
CHRISTINE K. CORZIN (0073100)
Counsel for Movants
304 N. Cleveland-Massillon Rd.
Akron, Ohio 44333
(330) 670-0770 Voice
(330) 670-0297 Facsimile

-9-

Harold.Corzin@psinet.com
ChristineC@netlink.net

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Response was served upon Alan R. Lepene, Jeremy M. Campana, Sean A. Gordon, THOMPSON HINE, LLP, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114-1291, upon Scott N. Opincar, Jean R. Robertson, Sean D. Malloy, McDONALD HOPKINS CO., LPA, 600 Superior Avenue, East, Suite 2100, Cleveland, Ohio 44114, upon Procare Automotive Service Solutions, LLC, 4401 Rockside Road, Suite #300, Independence, Ohio 44131, Steven A. Sindell, Esq., Chagrin Plaza West, 23611 Chagrin Blvd., Suite 227, Cleveland, Ohio 44122, and upon Maria D. Giannirakis, Office of the United States Trustee, H. M. U. S. Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114 this 24th day of May, 2006.

                                               /s/ Christine K. Corzin \_\_\_\_\_
                                               CHRISTINE K. CORZIN